UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE M. SHAW, | ) | Case No. 04CV1574 |
| | ) | |
| Plaintiff, | ) | Judge Ann Aldrich |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

Equifax is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, while NCO Group, Inc. ("NCO"), is a debt collector for Marlin Integrated Capital ("Marlin"). Christine Shaw filed for bankruptcy in July 2003. Marlin had an unsecured nonpriority claim against Shaw for $1,158 which it had purchased from Dominion East Ohio Gas. In October 2003 the Bankruptcy Court discharged that debt. In May 2004 NCO began trying to collect the discharged debt by calling Shaw repeatedly at her workplace, at least eight days that month (but they did not send her written notice about the collection). On May 12, 2004 Shaw sent notice to NCO that she disputed the debt because it had been discharged in bankruptcy.

On May 13, 2004 Shaw obtained a copy of her Equifax credit file and learned that the file contained Marlin's false report that she still owed the discharged $1,159 gas debt. On May 24, 2004 Shaw asked Equifax to investigate and correct the false information. Equifax asked Marlin to verify the disputed information, which Marlin did on June 10, 2004, and Equifax kept the information in Shaw's file.

Shaw asserts five claims under federal statute: negligent violation of the FCRA by Equifax (count one), negligent and willful violation of the FCRA by Marlin (counts two and three), and violation of the Fair Debt Collection Practices Act by Marlin and NCO (counts six and nine). Shaw also asserts Ohio Consumer Sales Practices Act claims against Marlin and NCO (counts four, five, seven and eight). Shaw asks for an order requiring Equifax to correct the inaccurate information in her credit file, as well as actual and statutory damages, punitive damages, and statutory attorneys fees and costs.

Marlin moves for summary judgment. Shaw cross-moves for summary judgment but asks this court to defer a decision on summary judgment until she has had a full opportunity for discovery. In response to Shaw's discovery requests, Marlin maintains that it has no knowledge of any company named "Inovision Collection." Shaw's complaint alleges that it was an erroneous report from Marlin that caused Inovision to try to collect a debt that she no longer owed, and Shaw plausibly claims that her initial discovery requests merely misstated the name of the collection agency. Shaw declares her intent to correct the name of the collection agency and propound her discovery requests on Marlin anew. As Shaw points out, "Without this discovery, Ms. Shaw cannot ... present by affidavit facts essential to justify her opposition to defendant's motion for summary judgment." Pl.'s Mot. for Summ. J. at unnumbered pages 9-10. The court agrees and concludes that Shaw should have the opportunity to obtain such discovery before being required to face summary judgment.[1]

---

[1] About five weeks after filing a reply brief in support of its summary judgment motion, Marlin filed a supplemental reply brief without seeking leave of court to do so. The court declines to consider that unauthorized brief; Marlin could and should have included all pertinent arguments in its reply brief. *See Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed. Appx. 596, 598-99, 2003 WL 23140062, at *2 (6th Cir. Dec. 12, 2003) (district court did not abuse discretion in striking supplemental brief that was filed without seeking leave of court). *Accord Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003) (same).

**ORDER**

Defendant NCO Group's motion to extend the fact discovery deadline [doc. no. 31] is granted.

The parties may conduct fact discovery through Friday, September 2, 2005.

The parties may file dispositive motions at any time, but no later than Friday, October 5, 2005.

Shaw's motion for a Rule 56(f) deferral of a summary judgment decision [doc. no. 23] is granted.

Both Shaw's motion for summary judgment [also doc. no. 23] and Marlin's motion for summary judgment [doc. no. 20] are denied without prejudice.

Jury trial remains scheduled to commence on Monday, December 12, 2005.

IT IS SO ORDERED.

                                          /s/ Ann Aldrich
                                          ANN ALDRICH
                                          UNITED STATES DISTRICT JUDGE

Dated:        June 23, 2005